IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEVON LAMONT GIST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:05CV00369 |
| | ) |
| RICKY L. ANDERSON, | ) |
| Superintendent, Foothills | ) |
| Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Devon Lamont Gist, a prisoner of the State of North Carolina, on October 17, 2002, in the Superior Court of Forsyth County, was convicted after trial by jury of second-degree murder. He was sentenced by Judge Ronald E. Spivy to 189-236 months imprisonment. On November 18, 2003, the North Carolina Court of Appeals issued an unpublished opinion finding no error, and the Supreme Court of North Carolina denied certiorari on April 1, 2004. Petitioner Gist was represented at trial by attorney Pete Clary and on appeal and in this habeas action by attorney Bruce T. Cunningham, Jr.

### Claims of the Petition

Petitioner Gist's sole federal habeas claim is set forth in his petition as follows:

The trial court's statement to the jury that the State has decided not to seek the death penalty diminished the jury's sense of responsibility for their verdict, because the implication is the State has already given the Defendant a charge reduction.

Pleading No. 1, Pet. at 8.

## Statement of Facts

The North Carolina Court of Appeals summarized the facts pertinent to Petitioner's claim as follows:

> On 25 June 2001, defendant Devon Lamont Gist was indicted for the murder of Corey Little. The case was tried at the 14 October 2002 Criminal Session of Forsyth County Superior Court.
>
> At the beginning of the defendant's trial, before jury selection, the court made some introductory remarks. After introducing the defendant and his attorney, the court advised the jury pool:
>
>> Now, the Defendant in this case has been charged with first-degree murder. I will tell you in advance that it is not a capital case, in other words, the State is not seeking the death penalty in this case, it is not.
>
> Defendant did not object or make any motion.
>
> Defendant was convicted of second-degree murder and sentenced to a term of 189 to 236 months imprisonment.

*State v. Gist*, 2003 N.C. App. LEXIS 2119, *1-2 (November 18, 2003) (unpublished).

## Discussion

Petitioner Gist's habeas corpus claim to this court is that the trial court's statement to the jury that the State was not seeking the death penalty in Petitioner's first-degree murder trial was prejudicial error of a constitutional magnitude. He argues that the judge's statement diminished the jury's sense of responsibility for its verdict because the implication is that the State had already given the defendant a charge reduction. Petitioner raised this claim before the North Carolina Court of Appeals on direct review. That court denied the claim on the

-2-

basis of procedural default and, alternatively, on its merits under a plain-error standard of review. The court of appeals reasoned:

> Defendant's sole argument on appeal is that the trial court erred by telling the jury that the State was not seeking the death penalty, and by not thereafter declaring a mistrial *ex mero motu*. Defendant argues that the statement made by the court "was unnecessary, not relevant to any issue in the case and gave the unavoidable impression that the State had already given the defendant a substantial concession." Defendant contends that "the crime was of the most serious type in the criminal system and it diminishes the jury's sense of responsibility for the verdict because it suggests that the State has already exercised its discretion to reduce the charge." Accordingly, defendant argues that he is entitled to a new trial.
>
> After careful review of the record, briefs and contentions of the parties, we find no error. Defendant did not object to the trial court's introductory remarks. Since these remarks do not fall within any of the exceptions of N.C. Gen. Stat. § 15A-1446(d)(2001), specifying issues that may be raised upon appeal without objection at trial, defendant must establish that the remarks constituted plain error. Although defendant's assignment of error asserts plain error, defendant has not argued plain error in his brief and, therefore, has abandoned that claim.
>
> In any event, the record reveals that even if the trial court's remarks were in error, an issue we need not reach, defendant cannot show that, absent the error, a different verdict probably would have been reached. *State v. Tucker*, 317 N.C. 532, 539, 346 S.E.2d 417, 421 (1986).
>
> Defendant argues that he was prejudiced by the remarks because they "diminished the jury's sense of responsibility for the verdict because [they] suggested that the State had already exercised its discretion to reduce the charge." The jury, however, ultimately elected to convict defendant of second-degree murder rather than first-degree murder. This fact demonstrates that the jury took its responsibility seriously and that the trial court's disclosure of the non-capital nature of the trial did not likely affect the verdict. *See State v. Murphy*, 86 Wn. App. 667, 937 P.2d 1173, 1176 (Wash. Ct. App. 1997), *review denied*, 134 Wn.2d 1002, 953 P.2d 95 (Wash. 1998) (any error in instructing that case was non-capital was harmless when jury acquitted

> defendant of first-degree murder and convicted him of second-degree murder). Accordingly, we find no error.

*State v. Gist*, 2003 N.C. App. LEXIS 2119, at *2-4.

On consideration of the court of appeals' decision, this Court first notes that the court found Petitioner's claim to have been procedurally defaulted by reason of a lack of contemporaneous objection at trial. The court of appeals proceeded with a plain-error review of the merits, but this fact serves only to underscore and enforce the court's finding of procedural default. *See Daniels v. Lee*, 316 F.3d 477, 487-88 (4th Cir. 2003) (availability of plain-error review in state appellate court of claim which was procedurally defaulted because not raised at trial does not eliminate prior procedural default), *cert. denied*, 540 U.S. 851 (2003).

Petitioner's procedural default of this claim before the state courts precludes federal review of the claim absent a showing by Petitioner of cause and prejudice with respect to the default, or a showing of actual innocence. *See generally, Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (federal court ordinarily will not review a claim that is procedurally defaulted); *Thomas v. Davis*, 192 F.3d 445, 450 n.2 (4th Cir. 1999) (petitioner can obtain federal review of procedurally defaulted claim only if he can show "cause and prejudice" or "actual innocence"). Petitioner Gist has not attempted to show "cause and prejudice" regarding the procedural default; nor has he made any suggestion of actual innocence. Accordingly, his habeas claim before this court should be dismissed upon the basis of procedural bar; it is a defaulted claim not subject to federal review.

Alternatively, Petitioner's claim lacks merit. Under 28 U.S.C. § 2254(d)(1), this court cannot grant a habeas petition unless the State court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." Petitioner argues that the court of appeals' adjudication in this case represents an unreasonable application of *Caldwell v. Mississippi*, 472 U.S. 320 (1985) and *Ring v. Arizona*, 536 U.S. 584 (2002). This argument has no persuasive force.

In *Caldwell*, the Supreme Court ruled that it was constitutional error under the Eighth Amendment for a prosecutor to argue to a capital sentencing jury that its decision would not be final and would be subject to further review. The Supreme Court found that this argument improperly minimized the jury's role and diminished the jury's sense of responsibility for its decision. In *Ring*, the Court ruled that a judge sitting without a jury cannot find aggravating circumstances necessary for the imposition of the death penalty. The court of appeals' decision in this case is not unreasonable in light of either *Caldwell* or *Ring*. Clearly, as reasoned by the court of appeals, the role of Petitioner's jury was not minimized by the trial judge's opening remarks, and its sense of responsibility was not diminished. In fact, the jury found Petitioner not guilty on the first-degree murder charge, establishing that the jury understood the importance of its primary role as fact-finder and took its responsibility seriously. Further, the court of appeals' finding of no prejudice is an additional reasonable

application of Federal law in view of the jury's acquittal of Petitioner on the first-degree murder charge.

For reasons set forth above, it is apparent that Petitioner Gist's federal habeas petition must fail. His sole claim is procedurally defaulted and he has shown no basis for relief from that default. Alternatively, and in any event, his claim has no merit as a constitutional claim when considered under the standard of review established by 28 U.S.C. § 2254(d)(1).

## **Conclusion**

Accordingly, **IT IS RECOMMENDED** that the habeas corpus petition of Petitioner Gist be denied and dismissed as procedurally defaulted and, alternatively, as without merit.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 13, 2006